## Wright *v*. Bennett.

### Opinion delivered October 17, 1921.

1. PRINCIPAL AND AGENT—MISREPRESENTATIONS OF AGENT.—A principal has a right to rely upon the representations of his agent, without inquiring as to their correctness, and his failure to make inquiry will not deprive him of relief against his agent's fraud.

2. BROKERS—FRAUD—RELIEF.—Though a principal consummated an exchange of lands after ascertaining that his agent had made false representations concerning the exchange, he will not be barred from relief against the agent where the other parties to the exchange were not parties to the misrepresentations.

Appeal from Benton Chancery Court; *B. F. Mc-Mahan,* Chancellor; affirmed.

*Duty & Duty* and *Lee Seamster,* for appellant.

Appellee, *pro se.*

McCulloch, C. J. Appellee owned a farm in Benton County, and listed it with appellant for sale or exchange, agreeing to pay a commission. A. L. Pickerall and L. A. Dykes also owned a farm in Benton County, and listed same with appellant, who negotiated an exchange between appellee and those parties. Under the terms of the exchange, Pickerall and Dykes were to pay the sum of $600 to appellee. They executed a note to appellant for said amount, and appellee instituted this action against appellant to restrain him from collecting the

note, on the ground that he had misrepresented the terms of the sale to appellee. The controversy between appellant and appellee relates to the amount of the commission and certain alleged representations made by appellant to appellee concerning the terms of the trade between the appellee and Pickerall and Dykes. The contention of appellee is that he first demanded the sum of a thousand dollars in the trade, but finally agreed to accept $600 on condition that appellant would only require him to pay $200 commission; but that appellant subsequently represented to him (appellee) that Pickerall had refused to consummate the trade unless he should receive $300 of the $600 that was paid in the exchange, and that appellee, in order to consummate the trade and in reliance upon the representations of appellant concerning the demand of Pickerall, consented to this arrangement. The allegation of the complaint is that the representations made by appellant concerning the dedemand of Pickerall were false; and there was testimony tending to sustain appellee's contention on that point. Appellant contends, on the other hand, that he made no such representations to appellee in regard to such demand from Pickerall; that appellee agreed to pay him a commission of $500 on the exchange, and that he had tendered to appellee the sum of a hundred dollars—the difference between the amount of the note and his commission.

The testimony is sharply conflicting, and is confined mainly to the testimony of the two parties themselves—appellant and appellee. There was another witness, named Holcomb, a nephew of appellant, who testified that he was present when the parties went out to look at the farms, and heard appellee agree to pay a commission of $500. The contention, however, of appellee is that, at that time, he was holding out for a difference of a thousand dollars in the exchange, and that afterwards, when Pickerall and Dykes offered $600, he consented to the reduction on condition that appellant would reduce his commission to $200. Pickerall testified that he made

no demand on appellant that he should be paid $300 out of the note when collected, and he testified that he and Dykes gave the note for the difference with no expectation that any of it would be returned

Viewing the testimony in the record, it appears to be about evenly balanced, and under those circumstances it is our duty not to disturb the finding of the chancellor.

The point is made that appellee had no right to rely on alleged representations of appellant, but should have pursued the inquiry and ascertained from Pickerall that no such demand had been made. The answer to that contention is that appellee had the right to rely upon the representations of appellant as his agent, and the fact that he did so rely upon these representations, without inquiring further, does not deprive him of relief against the fraud of his agent.

Again, it is contended that appellee should be denied relief on the ground that he consummated the exchange after ascertaining the falsity of the alleged representations made to him. This contention is not sound, for the reason that Pickerall and Dykes were not parties to the misrepresentations, and appellee was bound by his contract with them, notwithstanding the misrepresentations of his agent, and appellee's only remedy was to consummate the sale and seek a remedy against his agent.

The state of the record is, as before stated, such that we cannot say that the preponderance of the evidence is against the finding of the chancellor. The decree is therefore affirmed.